# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALFRED SIMS,**<br>Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11439** |
| **USAA GENERAL INDEMNITY COMPANY, ET AL.,**<br>Defendants | **SECTION: "E"(4)** |

## ORDER AND REASONS

Before the Court is a motion to remand filed by Plaintiff Alfred Sims.[1] Defendant James River Insurance Co. (James River) opposes this motion.[2]

## BACKGROUND

This case arises from a four-vehicle rear-end collision.[3] According to Plaintiff, on July 9, 2018, Rashai Smooth rear-ended a stopped vehicle operated by Rashad Ketchens.[4] This pushed Ketchens' vehicle into a vehicle operated by Sylvia Workman, and Workman's vehicle then hit Plaintiff's vehicle.[5] Plaintiff's vehicle was insured by Lyndon Southern and James River, Workman's by GEICO, Ketchens' by Progressive, and Smooth's by USAA General Indemnity Company.[6]

On February 5, 2019, Plaintiff filed suit against his insurers and all three drivers (Smooth, Ketchens, and Workman) along with their respective insurers.[7] All defendants

---

[1] R. Doc. 6.
[2] R. Doc. 7.
[3] R. Doc. 1 ¶ 2.
[4] *Id.*
[5] *Id.*
[6] *Id.* ¶¶ 6–9.
[7] *Id.* ¶ 1.

1

but Rashai Smooth were served.[8] Defendant James River sought removal based on diversity on July 1, 2019.[9]

Plaintiff is a citizen of Louisiana.[10] The insurers are all citizens of states other than Louisiana.[11] The three defendant drivers, however, are all Louisiana citizens.[12] On July 31, 2019, Plaintiff filed a motion to remand this case to state court because the parties lack complete diversity.[13] Defendant James River opposes this motion on grounds that the non-diverse defendants were improperly joined.[14]

## **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[15] Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over all civil matters in which the plaintiffs are citizens of different states from the defendants and the amount in controversy exceeds $75,000.[16] Only if these requirements are met may a defendant remove the action to federal court.[17] There is an exception to this complete diversity rule, however. If a non-diverse defendant has been "improperly joined," a defendant may nonetheless remove the action, and the improperly joined defendant's citizenship is disregarded for purposes of

---

[8] R. Doc. 6-1 ¶ 2.
[9] R. Doc. 1.
[10] *Id.* ¶ 4.
[11] *Id.* ¶¶ 6–10.
[12] *Id.*
[13] R. Doc. 6.
[14] R. Doc. 7.
[15] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[16] 28 U.S.C. § 1332(a).
[17] *See* 28 U.S.C. § 1441(a).

determining whether the federal court has diversity jurisdiction.[18] The removing party bears the burden of showing subject-matter jurisdiction exists and removal is proper.[19]

Defendants in this case do not dispute Plaintiff, Ketchens, and Workman are all Louisiana citizens.[20] Smooth also is a Louisiana citizen, but because Smooth had not been served at the time of removal, Smooth's citizenship does not defeat diversity.[21] The presence of defendants Ketchens and Workman, however, if properly joined, defeats complete diversity of citizenship and requires remand to state court. Defendant James River's only potential basis for diversity jurisdiction is that Ketchens and Workman were improperly joined.[22]

## **LAW AND ANALYSIS**

In cases removed based on diversity jurisdiction and improper joinder, the removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[23] A party claiming improper joinder bears a heavy burden of proof.[24] Defendant James River does not assert any fraud in the pleadings in this case. James River asserts only that Plaintiff has no possible cause of action against the non-diverse defendants.[25]

"The test for improper joinder where there is no allegation of actual fraud is whether the defendant has demonstrated that there is no possibility of recovery by the

---

[18] *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc).
[19] *See Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[20] R Doc. 1 ¶¶ 5–8.
[21] *Harvey v. Shelter Ins. Co.,* No. CIV.A. 13-392, 2013 WL 1768658, at * 1 (E.D. La. Apr. 24, 2013).
[22] R. Doc. 1, at 4.
[23] *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).
[24] *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).
[25] R. Doc. 7, at 2.

plaintiff against an in-state defendant."[26] "In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor."[27] "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[28] While the standard for evaluating a claim of improper joinder is similar to the standard used when evaluating a Rule 12(b)(6) motion for failure to state a claim, the scope of the Court's inquiry is broader than it would be with a Rule 12(b)(6) motion; the Court will not "pre-try" the case, but the Court may, in its discretion, "pierce the pleadings" under certain circumstances and consider summary judgment type evidence to determine whether the plaintiff's claim has a factual basis.[29] This summary inquiry is "appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery" against any non-diverse defendant.[30] "[T]he inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden."[31]

Plaintiff's petition alleges Ketchens and Workman are liable for failing to stop before causing the accident and failing to maintain control of their vehicles.[32] According to Defendant James River, Ketchens and Workman were not moving at the time of the accident.[33] In support, James River offers Ketchens' and Workman's responses to

---

[26] *Rodrigue v. Continental Ins. Co.*, No. 14-1797, 2014 WL 4999465, at *2 (E.D. La. Oct. 7, 2014) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).
[27] *Id.* (citing *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)).
[28] *Smallwood*, 385 F.3d at 573.
[29] *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003).
[30] *Smallwood*, 385 F.3d at 573–74.
[31] *Id.* at 574.
[32] R. Doc. 1-1 ¶¶ 13–14.
[33] R. Doc. 1 ¶ XV.

requests for admission in which they admit they were stopped at the time of the collision.[34] Plaintiff argues the responses are not verified,[35] and the record shows the responses were signed by Ketchens' and Workman's attorneys and not by them.[36] Plaintiff requests an opportunity to depose Ketchens and Workman to determine whether their vehicles were stopped and to determine other relevant facts concerning the sequence of events during the accident.[37]

"When subject matter jurisdiction is challenged, a court has authority to resolve factual disputes, and may devise a method to . . . mak[e] a determination as to jurisdiction, 'which may include considering affidavits, allowing further discovery, hearing oral testimony, [or] conducting an evidentiary hearing.'"[38] "The Court possesses a substantial amount of discretion when addressing requests for jurisdictional discovery."[39]

Because the propriety of joining Ketchens and Workman may be determined by a limited inquiry into the sequence of events occurring during of the accident, the Court agrees with Plaintiff's request for discovery and finds it appropriate to reserve judgment on the question of improper joinder and allow limited jurisdictional discovery.

## CONCLUSION

**IT IS ORDERED** that the Court's ruling on Plaintiff's Motion to Remand[40] is **DEFERRED.**

---

[34] R. Doc. 1-2; R. Doc. 1-3.
[35] R. Doc. 6-1 ¶ 16.
[36] R. Doc. 1-2; R. Doc. 1-3.
[37] R. Doc. 6-1 ¶ 16.
[38] *Turner Bros. Crane & Rigging, L.L.C. v. Kingboard Chem. Holding Ltd.*, No. 06-88-A, 2007 WL 2848154, at *2 (M.D. La. Sept. 24, 2007) (quoting *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)).
[39] *Bryant v. Holder*, 809 F. Supp. 2d 563, 571 (S.D. Miss. 2011) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 276–77 (5th Cir. 2006).
[40] R. Doc. 6.

**IT IS FURTHER ORDERED** that the parties are given leave to conduct limited jurisdictional discovery by deposing Rashad Ketchens and Sylvia Workman concerning the sequence of events during the accident which is the subject of this action. Plaintiff is given leave to file a supplemental memorandum in support of his motion to remand, with summary judgment-type evidence attached as exhibits, on or before **October 7, 2019**. Defendant is given leave to file a supplemental memorandum in opposition to Plaintiff's motion to remand on or before **October 14, 2019.**

**New Orleans, Louisiana, this 3rd day of September, 2019.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**