UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALFRED SIMS,**<br>Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11439** |
| **USAA GENERAL INDEMNITY COMPANY, ET AL.,**<br>Defendants | **SECTION: "E"(4)** |

## ORDER AND REASONS

Before the Court is a motion to remand filed by Plaintiff Alfred Sims.[1] Defendant James River Insurance Co. (James River) opposes this motion.[2] After conducting jurisdictional discovery, Plaintiff filed a supplemental motion to remand,[3] and Defendant filed a supplemental opposition.[4] For the following reasons, Plaintiff's motion[5] and supplemental motion[6] are **DENIED.**

## BACKGROUND

This case arises from a four-vehicle rear-end collision.[7] According to Plaintiff, on July 9, 2018, Rashai Smooth rear-ended a stopped vehicle operated by Rashad Ketchens.[8] This pushed Ketchens' vehicle into a vehicle operated by Sylvia Workman, and Workman's vehicle then hit Plaintiff's vehicle.[9] Plaintiff's vehicle was insured by Lyndon

---

[1] R. Doc. 6.
[2] R. Doc. 7.
[3] R. Doc. 21.
[4] R. Doc. 22.
[5] R. Doc. 6.
[6] R. Doc. 21.
[7] R. Doc. 1 ¶ 2.
[8] *Id.*
[9] *Id.*

1

Southern and James River, Workman's by GEICO, Ketchens' by Progressive, and Smooth's by USAA General Indemnity Company.[10]

On February 5, 2019, Plaintiff filed suit against his insurers and all three drivers (Smooth, Ketchens, and Workman) along with their respective insurers.[11] All defendants but Rashai Smooth were served.[12] Defendant James River sought removal based on diversity on July 1, 2019.[13]

Plaintiff is a citizen of Louisiana.[14] The insurers are all citizens of states other than Louisiana.[15] The three defendant drivers, however, all are Louisiana citizens.[16] On July 31, 2019, Plaintiff filed a motion to remand this case to state court because the parties lack complete diversity.[17] James River opposes this motion on grounds that the non-diverse defendants were improperly joined.[18]

## **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[19] Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over all civil matters in which the plaintiffs are citizens of different states from the defendants and the amount in controversy exceeds $75,000.[20] Only if these requirements are met may a defendant remove the action to

---

[10] *Id.* ¶¶ 6–9.
[11] *Id.* ¶ 1.
[12] R. Doc. 6-1 ¶ 2.
[13] R. Doc. 1.
[14] *Id.* ¶ 4.
[15] *Id.* ¶¶ 6–10.
[16] *Id.*
[17] R. Doc. 6.
[18] R. Doc. 7.
[19] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[20] 28 U.S.C. § 1332(a).

federal court.[21] There is an exception to this complete diversity rule, however. If a non-diverse defendant has been "improperly joined," a defendant may nonetheless remove the action, and the improperly joined defendant's citizenship is disregarded for purposes of determining whether the federal court has diversity jurisdiction.[22] The removing party bears the burden of showing subject-matter jurisdiction exists and removal is proper.[23]

Defendants in this case do not dispute Plaintiff, Ketchens, and Workman all are Louisiana citizens.[24] Smooth also is a Louisiana citizen, but because Smooth had not been served at the time of removal, Smooth's citizenship does not defeat diversity.[25] The presence of defendants Ketchens and Workman, however, if properly joined, defeats complete diversity of citizenship and requires remand to state court. James River's only potential basis for claiming diversity jurisdiction exists is that Ketchens and Workman were improperly joined.[26]

In cases removed based on diversity jurisdiction and improper joinder, the removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[27] A party claiming improper joinder bears a heavy burden of proof.[28] James River does not assert any fraud in the pleadings in this case. James River asserts only that Plaintiff has no possible cause of action against the non-diverse defendants.[29]

---

[21] *See* 28 U.S.C. § 1441(a).
[22] *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc).
[23] *See Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[24] R Doc. 1 ¶¶ 5–8.
[25] *Harvey v. Shelter Ins. Co.,* No. CIV.A. 13-392, 2013 WL 1768658, at * 1 (E.D. La. Apr. 24, 2013).
[26] R. Doc. 1, at 4.
[27] *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).
[28] *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).
[29] R. Doc. 7, at 2.

"The test for improper joinder where there is no allegation of actual fraud is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."[30] "In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor."[31] "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[32]

While the standard for evaluating a claim of improper joinder is similar to the standard used when evaluating a Rule 12(b)(6) motion for failure to state a claim, the scope of the Court's inquiry is broader than it would be with a Rule 12(b)(6) motion; the Court will not "pre-try" the case, but the Court may, in its discretion, "pierce the pleadings" under certain circumstances and consider summary judgment type evidence to determine whether the plaintiff's claim has a factual basis.[33] This summary inquiry is "appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery" against any non-diverse defendant.[34] "[T]he inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden."[35]

---

[30] *Rodrigue v. Continental Ins. Co.*, No. 14-1797, 2014 WL 4999465, at *2 (E.D. La. Oct. 7, 2014) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).
[31] *Id.* (citing *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)).
[32] *Smallwood*, 385 F.3d at 573.
[33] *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003).
[34] *Smallwood*, 385 F.3d at 573–74.
[35] *Id.* at 574.

## **LAW AND ANALYSIS**

Having conducted a Rule 12(b)(6)-type analysis of Plaintiff's state-court petition and considered the summary judgment type evidence submitted by the parties, the Court finds the non-diverse defendants Ketchens and Workman were improperly joined because Plaintiff cannot recover from them under Louisiana law. Louisiana law imposes a presumption of negligence on the "following" motorist involved in a rear-end collision.[36] The motorist who is hit from behind is called a "favored" motorist and is presumed not to be at fault.[37] This presumption is not absolute, however, and may be rebutted in one of two ways.[38] First, the following motorist may rebut the presumption by "proving that he had his vehicle under control, closely observed the preceding vehicle, and followed at a safe distance under the circumstances."[39] Second, the following motorist may "avoid liability by proving that the driver of the lead vehicle negligently created a hazard that he could not reasonably avoid,"[40] which is known as the sudden-emergency doctrine.[41] Further, "notwithstanding the presumption of negligence, a favored motorist can still be assessed with comparative fault if his or her substandard conduct contributed to the cause of the accident."[42]

In this case, Ketchens and Workman are "favored" motorists because they were hit from behind. Smooth is the "following" motorist against whom the law assigns a

---

[36] *Leblanc v. Bouzon*, 2014-1041 (La. App. 3 Cir. 3/4/15), 159 So. 3d 1144, 1146.
[37] *Id.*
[38] *Id.*
[39] *Johnson v. Magitt,* 12-0200 (La. App. 1 Cir. 9/21/12), 111 So. 3d 11, 13 (citing *Taylor v. Voigtlander*, 36,670, p. 4 (La. App. 2 Cir. 12/11/02), 833 So. 2d 1204, 1206).
[40] *Id.* (citing *Daigle v. Mumphrey*, 96-1891, pp. 2–3 (La. App. 4 Cir. 3/12/97), 691 So. 2d 260, 262).
[41] *See, e.g., Harbin v. Ward*, 13-1620, p. 5 (La. App. 1 Cir. May 29, 2014), 147 So. 3d 213, 219.
[42] *Graffia v. Louisiana Farm Bureau Casualty Insurance Co.*, 08–1480, p. 7 (La.App. 1 Cir. 2/13/09), 6 So.3d 270, 274.

presumption of fault.[43] This presumption alone does not satisfy James River's demanding burden of showing Ketchens and Workman were improperly joined because Ketchens and Workman could be assessed fault even as favored motorists.[44] Indeed, Plaintiff's petition alleges Ketchens and Workman are liable, despite their designation as favored motorists, for failing to stop before causing the accident and failing to maintain control of their vehicles.[45]

Nevertheless, James River has met its burden of showing Ketchens and Workman were improperly joined because, beyond showing Ketchens and Workman were favored motorists, James River also has shown they cannot be assessed fault.[46] To make this showing, James River offers Ketchens' and Workman's responses to requests for admission in which they admit they were stopped at the time of the collision.[47] James River also offers deposition testimony from Ketchens and Workman in which they stated they were at a complete stop before the accident, stated there was at least a car's length between their respective vehicles and the vehicle in front of them, and confirmed their responses to the requests for admission.[48] Plaintiff filed no rebuttal to this testimony.

Based on this undisputed evidence, the Court finds Ketchens and Workman were favored motorists who were not moving at the time of the accident and who had stopped at least a car's length behind the car in front of them. These discrete facts completely insulate Ketchens and Workman from liability in this case. Neither one negligently

---

[43] *Fenner v. Elite Transportation Grp., Inc.*, No. CV 14-1395, 2016 WL 231098, at *3 (E.D. La. Jan. 19, 2016) (holding the middle car in a three-car rear-end collision was a favored motorist while the third car was the following motorist).
[44] *See Graffia* 6 So.3d at 274.
[45] R. Doc. 1-1 ¶¶ 13–14.
[46] R. Doc. 1 ¶ XV; R. Doc. 22, at 2–3.
[47] R. Doc. 1-2; R. Doc. 1-3.
[48] R. Doc. 22-1, at 14, 18, 27; R. Doc. 22-2, at 10, 16, 18–19.

created a hazard that Smooth could not reasonably avoid nor engaged in substandard conduct that contributed to the cause of the accident. Accordingly, Plaintiff has no possibility of recovery against Ketchens and Workman, and Ketchens and Workman were improperly joined. After setting aside the citizenship of Ketchens and Workman based on improper joinder, the parties in this case are completely diverse and remand is not warranted.

## **CONCLUSION**

**IT IS ORDERED** that the Plaintiff's Motion to Remand[49] and Supplemental Motion to Remand[50] are **DENIED.**

**New Orleans, Louisiana, this 19th day of November, 2019.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[49] R. Doc. 6.
[50] R. Doc. 21.