UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALFRED SIMS,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 19-11439 |
| USAA GENERAL INDEMNITY<br>COMPANY, ET AL.,<br>    Defendants | SECTION: "E"(4) |

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed by Defendant Lyndon Southern Insurance Co.[1] Plaintiff did not file an opposition to the motion.

## BACKGROUND

This case arises from a four-vehicle rear-end collision.[2] On July 9, 2018, a vehicle owned by Rashai Smooth, and operated by an unknown individual, rear-ended a stopped vehicle operated by Rashad Ketchens.[3] This pushed Ketchens' vehicle into a vehicle operated by Sylvia Workman, and Workman's vehicle then hit Plaintiff Sims' vehicle.[4] Sims' vehicle was insured by Lyndon Southern and James River, Workman's by GEICO, Ketchens' by Progressive, and Smooth's by USAA General Indemnity Company.[5]

On February 5, 2019, Sims filed suit in state court against his insurers and all three drivers (Smooth, Ketchens, and Workman) along with their respective insurers.[6]

---

[1] R. Doc. 9.
[2] R. Doc. 9-6 ¶ 1.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.* ¶ 2.

1

Defendant James River removed the case to this Court based on diversity on July 1, 2019.[7] Defendant Lyndon Southern now moves for summary judgment.[8]

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] "An issue is material if its resolution could affect the outcome of the action."[10] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[11] All reasonable inferences are drawn in favor of the nonmoving party.[12] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[13]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[14] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the

---

[7] R. Doc. 1.
[8] R. Doc. 9.
[9] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[10] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[11] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[12] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[13] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[14] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[15]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[16] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[17] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[18]

Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[19] If the movant meets this

---

[15] *Celotex*, 477 U.S. at 322–24.
[16] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322–24, and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[17] *First Nat'l Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[18] *Celotex*, 477 U.S. at 332–33.
[19] *Id.*

burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[20] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[21]

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[22]

When ruling on unopposed motions for summary judgment, the Court considers the movant's statement of uncontested facts to be admitted pursuant to Local Rule 56.2.[23] Summary judgment is not automatic, however, and the Court must determine whether the movant has shown entitlement to judgment as a matter of law.[24]

---

[20] *Id.* at 332–33, 333 n.3.
[21] *Id.*; *see also First Nat'l Bank of Ariz.*, 391 U.S. at 289.
[22] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 (5th Cir. 1992)).
[23] Eastern District of Louisiana Local Civil Rule 56.2 ("All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement.").
[24] Fed. R. Civ. P. 56(a).

## **LAW AND ANALYSIS**

Lyndon Southern argues it is entitled to summary judgment because Sims' insurance policy with Lyndon Southern did not include uninsured/underinsured motorist (UM) coverage and, accordingly, did not cover Sims for his damages caused by the tortious actions of any other motorist.[25] UM insurance provides recovery for automobile accident victims who suffer damages caused by a tortfeasor who is not covered by adequate liability insurance.[26] Under Louisiana's UM statute, UM coverage is an implied amendment to any automobile liability policy unless validly rejected.[27] UM coverage is rejected using a UM waiver form.[28]

In *Duncan v. U.S.A.A.,* the Louisiana Supreme Court enumerated six requirements for a compliant UM waiver form:

> (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date.[29]

A policy without UM coverage insures the holder only against personal liability to others, not damage done by others to the insured.[30] As a result, if a policy holder validly rejects UM coverage, he cannot recover from his insurer for the damage done by any other driver in a car accident, whether the other driver is underinsured or not.

---

[25] R. Doc. 9-1, at 5.
[26] *Tugwell v. State Farm Ins. Co.,* 609 So.2d 195, 197 (La. 1992); *Henson v. Safeco Ins. Co.,* 585 So. 2d 534, 537 (La. 1991); *Hoefly v. Government Employees Ins. Co.,* 418 So. 2d 575, 578 (La. 1982).
[27] *Daigle v. Authement,* 96–1662, p. 3 (La. 4/8/97), 691 So. 2d 1213, 1214; *Henson,* 585 So.2d at 537.
[28] *Gingles v. Dardenne*, 2008-2995 (La. 3/13/09), 4 So. 3d 799, 799.
[29] 06–363, p. 12 (La. 11/29/06), 950 So.2d 544, 546–547.
[30] 15 LA. CIV. L. TREATISE, INSURANCE LAW & PRACTICE § 4:1 (4th ed.) (noting that before UM coverage was available, "[m]any innocent accident victims, though insured against their own liability, were left uncompensated because the negligent motorist was uninsured and not financially responsible.").

Because Sims does not oppose Lyndon Southern's motion for summary judgment, the facts Lyndon Southern propounded are taken as true.[31] It is undisputed that (1) Sims had a policy with Lyndon Southern covering Sims from April 17, 2018 to September 30, 2018,[32] (2) Sims waived UM coverage in that policy,[33] and (3) the policy did not provide UM coverage to Sims.[34]

Sims' application for his policy with Lyndon Southern with a policy period beginning on April 17, 2018, reflects: (1) Sims' initials signifying that he rejected UM coverage,[35] (2) no option for limits lower than the policy limits, so this requirement does not apply,[36] (3) Sims' printed name,[37] (4) Sims' signature,[38] (5) Sims' policy number,[39] and (6) the date.[40] As a result, Lyndon Southern is entitled to judgment as a matter of law that it did not owe UM coverage to Sims at the time of his accident with Smooth on July 9, 2018.

## **CONCLUSION**

**IT IS ORDERED** that Lyndon Southern Insurance Company's motion for summary judgment[41] is **GRANTED**.

**New Orleans, Louisiana, this 25th day of November, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[31] Eastern District of Louisiana Local Civil Rule 56.2 ("All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement.").
[32] R. Doc. 9-6 ¶ 3.
[33] *Id.* ¶ 4.
[34] *Id.* ¶ 5.
[35] R. Doc. 9-5, at 4.
[36] *Id.* at 1–7.
[37] *Id.* at 2.
[38] *Id.* at 2, 4.
[39] *Id.* at 2.
[40] *Id.* at 2, 4.
[41] R. Doc. 9.